**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X    Case No.

CHRISTINE LONGFELLOW,

                             Plaintiff,

                    -against-

LOBSTER ROLL, INC., and ANDREA ANTHONY (last name unknown), *In Her Individual and Official Capacity*,

                           Defendant.
------------------------------------------------------------------------X

               **COMPLAINT**

               ***PLAINTIFF DEMANDS***
                  ***A TRIAL BY JURY***

Plaintiff, CHRISTINE LONGFELLOW, by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to **The Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the **New York State Human Rights Law**, New York State Executive Law § 296, *et seq.* ("NYSHRL"), and seeks damages to redress the injuries Plaintiff suffered as a result of being discriminated against on the basis of her actual and/or perceived.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. §12101, *et seq.*, and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims Plaintiff brings under state laws pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York. 28 U.S.C. § 1391(b).

## PROCEDURAL PREREQUISITES

5.    Plaintiff filed a Charge of Discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6.    Plaintiff received a Notice of Right to Sue from the EEOC, dated April 13, 2019, concerning the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7.    This Action is being commenced within 90 days of receipt of said Notice of Right to Sue.

## PARTIES

8.    At all times relevant hereto, Plaintiff CHRISTINE LONGFELLOW (**hereinafter, "Plaintiff"**) is a resident of the State of New York and was a "person" and an "employee" entitled to protection as defined by the ADA and the NYSHRL.

9.    At all times relevant hereto, Defendant LOBSTER ROLL, INC., (**hereinafter, "Lobster Roll"**), is a domestic business corporation that provides casual dining to patrons with a principal place of business at 1980 Montauk Highway, Amagansett, New York 11930.

10.   Defendant ANDREA ANTHONY **(hereinafter, "Anthony")** was/is the owner of Defendant Lobster Roll. Defendant Anthony had the ability to affect the terms and conditions of employment of Defendant Lobster Roll employees, including Plaintiff. Defendant Anthony discriminated against and retaliated against Plaintiff.

11.   Defendant Lobster Roll and Defendant Anthony are collectively referred to as Defendants.

12.   At all times relevant hereto, Plaintiff was and continues to be employed with Defendants.

## MATERIAL FACTS

13.   On or around May 2016, Plaintiff began her employment with Defendant earning an hourly rate of approximately $7.50 per hour plus tips received as a Tipped Server.

2

14.  Plaintiff worked as a seasonal Tipped Server during May through October. She has worked in this role for a number of seasons.

15.  Plaintiff's job duties as a Tipped Server included taking and placing customers' food orders, serving food and beverages to customers, bussing tables, wiping down counters, bagging delivery orders and processing customer payments.

16.  At all times, Plaintiff was qualified for her position. Defendants trusted her to train new and inexperienced Tipped Servers.

17.  Plaintiff suffers from a disability that is actual or perceived under all relevant statutes.

18.  Plaintiff has suffered and continues to suffer from post-traumatic stress disorder, depression, and anxiety since February 2017.

19.  Plaintiff sees and continues gets assistance for her physical, emotional and mental health from her therapist. Moreover, Plaintiff has been taking medication and getting psychiatric treatment since February 2017.

20.  On or about the beginning of May 2017, Plaintiff placed Defendant on notice of her disabilities. Since doing so, Defendants began to openly question Plaintiff's mental state.

21.  On June 18, 2018, Plaintiff was involved in a disagreement with her supervisor, Simon Cascante (hereinafter 'Mr. Cascante"). Plaintiff was reprimanded openly in front of patrons and staff members.

22.  On June 20, 2018, a meeting was held with Plaintiff and her supervisors, Mr. Cascante and Defendant Anthony. Throughout the meeting, Defendant Anthony became progressively hostile and aggressive towards Plaintiff. Defendant Anthony commented on how Plaintiff "should act her age."

23.     Plaintiff took Defendant Anthony's comments and antagonistic attitude as discrimination based solely on her disability or perceived disability.

24.     On June 21, 2018, Defendant Anthony reached out to Plaintiff and apologized for any misunderstanding.   Defendant Anthony asked Plaintiff to return to work and to move forward cordially.

25.     On or about September 23, 2018, a similar disagreement occurred. Plaintiff was being berated and humiliated in front of patrons and colleagues. Plaintiff left the scene to avoid any further humiliation.

26.     On or about October 2, 2018, Defendant Anthony, unprovoked, went after Plaintiff screaming and yelling. Plaintiff's mental and emotional state worsened.

27.     On March 19, 2019, Defendant called Plaintiff and advised that due to her mental state, the were terminating Plaintiff's employment based on her "mental state."

28.     Plaintiff took this employment termination as related to Defendants' discrimination against her based on her disability or perceived disability.

29.     Defendants, each collectively and individually, condoned, ratified, and supported the discriminatory work environment against Plaintiff.

30.     Defendants had no good faith business justification for terminating Plaintiff's employment.

31.     As far as Plaintiff was aware, Defendants did not have a human resources department.

32.     As such, the Plaintiff had nowhere, or no one else, to which to complain about discrimination while employed with Defendants.

33.     Upon information and belief, Defendants did not have any written procedures or protocols regarding disability discrimination or retaliation in the workplace to which Plaintiff could refer.

34.     As a direct result of the wrongful and oppressive actions of Collective Defendants, Plaintiff was subjected to unlawful discrimination, humiliated and she experienced a hostile work environment causing her embarrassment, discriminatory ridicule, and hostility.

35.     As a result of the Collective Defendants' actions, Plaintiff was unlawfully treated, humiliated, degraded, victimized, embarrassed, and emotionally distressed.

36.     As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary/pay, special damages, loss of employment, loss of employment opportunities, loss to benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

37.     Collective Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

38.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

39.     Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

**AS A *FIRST* CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE AMERICANS WITH DISABILITIES ACT**

40.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41.   Plaintiff asserts that Defendants violated the <u>Americans with Disabilities Act of 1990</u> (Pub. L. 101-336), as amended.

42.   The ADA prohibits discrimination against any qualified individual on the basis of disability, the perception that he is disabled, or a record of impairment.

43.   Additionally, the ADA requires a covered entity to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.

44.   As described above, Defendants discriminated against Plaintiff in violation of the ADA by failing to accommodate her disability.

45.   Plaintiff had, and/or Defendants perceived that she had, a physical or mental impairment that substantially limits one or more of her major life activities.

46.   As a result of Defendant's unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, worsened depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

47.   As such, Plaintiff has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

**AS A _SECOND_ CAUSE OF ACTION FOR DISCRIMINATION**
**<u>UNDER NEW YORK STATE EXECUTIVE LAW</u>**

6

48.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

49.   <u>New York State Executive Law</u> § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, *disability*, predisposing genetic characteristics, marital status, or domestic violence victim status, … to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

50.   Plaintiff was subjected to discrimination that was permeated with discrimination solely on the basis of her disabilities.

51.   As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer emotional distress, special damages, inconvenience, loss of increase in income, benefits and other compensation which such employment entails, loss of enjoyment of life, depression, anxiety, fear, anger, emotional pain and suffering, and other non-pecuniary losses.

**<u>PUNITIVE DAMAGES</u>**

52.   Plaintiff is entitled to the maximum amount allowed under this statute/law.

53.   Defendants conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

54.   As such, punitive damages are appropriate as a result of Defendants' above-described conduct and Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

**<u>JURY DEMAND</u>**

55.    Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A.    Declaring that Defendants engaged in unlawful employment practices prohibited by the Americans with Disabilities Act and the New York State Human Rights Law, in that Defendants discriminated against Plaintiff on the basis of her disability, perceived disability and need for reasonable accommodation;

B.    Awarding damages to Plaintiff resulting from Defendants' unlawful and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.    Awarding Plaintiff compensatory damages related to injuries suffered as per Plaintiff's State-law claims;

D.    Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E.    Awarding Plaintiff punitive damages;

F.    Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       May 1, 2020

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By:    _____/s/ Joshua Friedman_____
       Joshua M. Friedman, Esq.
       Joseph Myers, Esq.
       *Attorneys for Plaintiff*

8

**Phillips & Associates, PLLC**
45 Broadway, Suite 620
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
jfriedman@tpglaws.com
jmyers@tpglaws.com

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Alishia C. Longfellow<br>45 Broadway, Suite 620<br>New York, NY 10006 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2019-03021 | Holly M. Shabazz,<br>State & Local Program Manager | (929) 506-5316 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☐ | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☒ | Other *(briefly state)*    **Charging Party wishes to pursue matter in Federal District Court.** |

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature: Judy A. Keenan]*

April 13, 2020

Enclosures(s)

**Judy A. Keenan,**
**Deputy Director**

*(Date Mailed)*



**Division of
Human Rights**



RECEIVED
JAN 28 2020
BY:

**NEW YORK STATE
DIVISION OF HUMAN RIGHTS**

---

NEW YORK STATE DIVISION
OF HUMAN RIGHTS
  on the Complaint of

**ALISHIA CHRISTINE LONGFELLOW,**

                     Complainant,

         v.

**LOBSTER ROLL, INC.,**

                  Respondent.

---

**NOTICE AND
FINAL ORDER**

Case No. 10201031

Federal Charge No. 16GB903021

       **PLEASE TAKE NOTICE** that the attached is a true copy of the Recommended Order

of Dismissal for Administrative Convenience ("Recommended Order"), issued on January 7,

2020, by Robert M. Vespoli, an Administrative Law Judge of the New York State Division of

Human Rights ("Division").  An opportunity was given to all parties to object to the

Recommended Order, and all Objections received have been reviewed.

       <u>**PLEASE BE ADVISED THAT, UPON REVIEW, THE RECOMMENDED**</u>

<u>**ORDER IS HEREBY ADOPTED AND ISSUED BY THE HONORABLE ANGELA**</u>

<u>**FERNANDEZ, COMMISSIONER, AS THE FINAL ORDER OF THE NEW YORK**</u>

<u>**STATE DIVISION OF HUMAN RIGHTS ("ORDER")**</u>.  In accordance with the Division's

Rules of Practice, a copy of this Order has been filed in the offices maintained by the Division at

One Fordham Plaza, 4th Floor, Bronx, New York 10458.  The Order may be inspected by any

member of the public during the regular office hours of the Division.

**PLEASE TAKE FURTHER NOTICE** that any party to this proceeding may appeal this Order to the Supreme Court in the County wherein the unlawful discriminatory practice that is the subject of the Order occurred, or wherein any person required in the Order to cease and desist from an unlawful discriminatory practice, or to take other affirmative action, resides or transacts business, by filing with such Supreme Court of the State a Petition and Notice of Petition, <u>within sixty (60) days after service of this Order</u>.  A copy of the Petition and Notice of Petition must also be served on all parties, including the General Counsel, New York State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458.  <u>Please do not file the original Notice or Petition with the Division</u>.

**ADOPTED, ISSUED, AND ORDERED**.

DATED: **JAN 2 3 2020**
    Bronx, New York

ANGELA FERNANDEZ
COMMISSIONER

TO:

<u>Complainant</u>
Alishia Christine Longfellow
c/o Marjorie Mesidor, Esq.
Phillips & Phillips, Attorneys at Law
45 Broadway, Suite 620
New York, NY 10006

<u>Complainant Attorney</u>
Marjorie Mesidor, Esq.
Phillips & Phillips, Attorneys at Law
45 Broadway, Suite 620
New York, NY 10006

<u>Respondent</u>
Lobster Roll, Inc.
Attn: Andrea Anthony, Manager
1980 Montauk Hwy
Amagansett, NY 11930

<u>Respondent Secondary Address</u>
Lobster Roll, Inc.
Attn: Fred Terry, CEO
3225 Sound Avenue
Riverhead, NY 11901

<u>Respondent Attorney</u>
Jasmine Y. Patel, Esq.
Franklin, Gringer & Cohen, P.C.
666 Old Country Road, Suite 202
Garden City, NY 11530-2013

<u>Respondent's Representative</u>
Lobster Roll, Inc.
Attn: David Yatkowitz, CPA
2983 Hewlett Avenue
Merrick, NY 11566

Hon. Letitia James, Attorney General
Attn: Civil Rights Bureau
28 Liberty Street
New York, New York 10005

State Division of Human Rights
Robert Goldstein, Director of Prosecutions
Lilliana Estrella-Castillo, Chief Administrative Law Judge
Robert M. Vespoli, Administrative Law Judge
Michael Swirsky, Litigation and Appeals
Caroline J. Downey, General Counsel
Melissa Franco, Deputy Commissioner for Enforcement
Peter G. Buchenholz, Adjudication Counsel
Matthew Menes, Adjudication Counsel



**Division of
Human Rights**

**NEW YORK STATE
DIVISION OF HUMAN RIGHTS**

| | |
|---|---|
| **NEW YORK STATE DIVISION OF HUMAN RIGHTS**<br>    on the Complaint of<br><br>**ALISHIA CHRISTINE LONGFELLOW,**<br>                                        Complainant,<br><br>                    v.<br><br>**LOBSTER ROLL, INC.,**<br>                            Respondent. | **RECOMMENDED ORDER OF DISMISSAL FOR ADMINISTRATIVE CONVENIENCE**<br><br>Case No. **10201031** |

Federal Charge No. 16GB903021

### PROCEEDINGS IN THE CASE

On April 11, 2019, Complainant filed a verified complaint with the New York State Division of Human Rights ("Division"), charging Respondent with unlawful discriminatory practices relating to employment in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division found that it had jurisdiction over the complaint and that probable cause existed to believe that Respondent had engaged in unlawful discriminatory practices. The Division thereupon referred the case to public hearing.

The case was assigned to Robert M. Vespoli, an Administrative Law Judge ("ALJ") of the Division. Complainant was represented by Marjorie Mesidor, Esq. Respondent was represented by Jasmine Y. Patel, Esq.

By letter dated December 16, 2019, Complainant's attorney requested that the Division dismiss the complaint for administrative convenience, so Complainant could prosecute a federal action.

By letter dated December 20, 2019, the presiding ALJ informed Respondent's attorney that Respondent must submit any objections to Complainant's request by December 30, 2019. If Respondent did not submit objections by December 30, 2019, Complainant's request would be granted without opposition.

Respondent did not submit objections by December 30, 2019.

Pursuant to Section 297.3(c) of the Human Rights Law, the complaint should be dismissed on the grounds of administrative convenience. Complainant intends to pursue remedies in federal court, in which forum all the issues concerning the question of discrimination charged can be resolved.

ORDERED, that the case be dismissed for administrative convenience.


Dated: January 7, 2020
      Hauppauge, New York

Robert M. Vespoli
Administrative Law Judge

- 2 -